UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Crim. No. 6:08-cr-00121-GFVT-HAI-3, |
| | ) 6:15-cr-00031-GFVT-HAI |
| V. | ) |
| RONNIE LYNARD MORROW, | ) **MEMORANDUM OPINION** |
| | ) **&** |
| Defendant. | ) **ORDER** |

*** *** *** ***

This matter is before the Court on Defendant Ronnie L. Morrow's violation of supervised release. These are Mr. Morrow's fourth revocation proceedings. Mr. Morrow has been charged with two violations of the condition that he not commit another federal, state, or local crime in connection with two separate arrests for driving under the influence. [R. 77[1].] United States Magistrate Judge Hanly A. Ingram issued a Recommended Disposition in response to Mr. Morrow's violations. *Id.* Judge Ingram recommended incarceration for a period of twenty-four months with no supervised release to follow. *Id.*

**I**

**A**

Judge Ingram's Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of the case. Except for what the Court summarizes in

---

[1] For simplicity and consistency with Magistrate Judge Ingram's Recommended Disposition, this Court will refer to the docket entry numbers in case number 6:15-cr-31-GFVT. Defendant's other case contains identical docket entries.

its discussion below, the Court incorporates his discussion of the record and the standard of review into this Order.

On March 15, 2018, Danville, Kentucky police officers were dispatched to a non-injury collision. [R. 57.] In attempting to make a left turn, Mr. Morrow struck a vehicle going the opposite direction head-on. *Id.* Responding officers observed Mr. Morrow at the scene of the accident, "unsteady on his feet, [with] glassy red eyes" and noted that Mr. Morrow admitted to taking a male enhancement pill that day. *Id.* Field sobriety tests indicated that Mr. Morrow was impaired. *Id.* Mr. Morrow was arrested and charged with driving under the influence in violation of KRS § 189A.010(1)(c). *Id.* A subsequent blood test came back negative for all tested-for substances.

Days later, on March 20, 2018, Mr. Morrow was involved in a second collision. This collision was a one-car accident in which Mr. Morrow's vehicle struck a building. *Id.* The arresting officer observed Mr. Morrow had slurred speech and was unsteady on his feet. *Id.* Again, Mr. Morrow was arrested for driving under the influence, and again, a subsequent blood test came back negative for all tested-for substances. *Id.* State charges in both matters have been dismissed. *Id.*

The government argues that Mr. Morrow violated KRS § 189A.010(1)(c) on both March 15 and March 20, 2018. In light of the negative drug tests and dismissed state charges, defense counsel objected to the Magistrate Judge's findings of guilt on the violations, on the grounds that the evidence was insufficient to find the violations by a preponderance of the evidence. As an alternative explanation for his apparently impaired state, Mr. Morrow presented testimony at his allocution hearing that he suffers from low blood pressure, which caused him to suffer from confusion, dizziness, and blackouts on both occasions. [R. 193.]

**B**

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the R&R or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Morrow moved this Court for an extension of time in which to file objections, which was granted. [R. 78; R. 79.] Mr. Morrow next made a timely objection to the Recommendation. [R. 81.] Mr. Morrow objected to the Magistrate Judge's finding of guilty of both violations as well as the Magistrate Judge's recommendation of imprisonment for twenty-four (24) months and requested an allocution hearing. [R. 81.] An allocution hearing was held pursuant to Defendant's request. [*See* R. 87.] Mr. Morrow's objections are sufficiently definite to trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the motions, briefing, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Defendants' objection will be **OVERRULED**.

# II

## A

To revoke a term of supervised release, this Court must find, by a preponderance of the evidence, that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). The government alleges two violations of KRS § 189A.010. Kentucky Revised Statute § 189A.010 makes it a crime to "operate or be in physical control of a vehicle . . . while under the influence of any other substance or combination of substances which impairs one's driving ability." KRS § 189A.010. A "substance" is not necessarily drugs, alcohol, or a combination thereof, and may include substances which do not ordinarily impair driving ability, "but because of the amount ingested have in fact impaired your driving ability." *Hayden v. Commonwealth*, 766 S.W.2d 956, 967 (Ky. App. 1989). Therefore, a blood test that is negative for alcohol and controlled substances is not dispositive, and "a conviction may stand upon the testimony of the police without resort to various devices." *Allen v. Commonwealth*, 817 S.W.2d 458, 461 (Ky. Ct. App. 1991).

Because blood tests performed by police and a urinalysis ordered by United States Probation Officer Nick Jones yielded negative results for controlled substances, Mr. Morrow argues that the government has not proved his impairment, and therefore violation of supervised release, by a preponderance of the evidence. [R. 81.] But matters are complicated by Mr. morrow's previous supervised release revocation. In October, 2017, Mr. Morrow's supervised release was revoked when he admitted to using a synthetic cannabinoid known as ADB Fubinaca. [R. 73 at 11–13.] Although both blood samples and the urine sample collected by Officer Jones yielded negative results, none of the panels of tests performed included a test for the presence of ADB Fubinaca. [R. 73 at 34–37.]

Modernly, scientific testing is viewed as the be all end all form of evidence in the eyes of many, but a conviction under KRS § 189A.010 may stand on the testimony of arresting officers alone. *See Allen v. Commonwealth*, 817 S.W.2d 458, 461 (Ky. Ct. App. 1991). Officers Abbot and Gates, who responded to the March 15 and March 20 accidents, respectively, maintained at the hearing that Mr. Morrow appeared to be intoxicated when he was arrested. [R. 57 at 9.] Both described Mr. Morrow as miserably failing the field sobriety tests, such that they believed it appropriate to conduct a blood draw. *Id.* Under Kentucky law, such testimony is enough to support a jury verdict of guilty beyond a reasonable doubt; it can certainly also support a finding that Mr. Morrow has violated his condition of supervised release by a preponderance of the evidence. *See Allen v. Commonwealth*, 817 S.W.2d 458, 461 (Ky. Ct. App. 1991).

At his allocution hearing on November 13, 2018, Mr. Morrow advanced a theory for his strange behavior on the dates in question that he did not present to Judge Ingram: low blood pressure. [R. 193.] Mr. Morrow testified that he experienced episodes of low blood pressure that caused him to suffer dizziness, confusion, and blackouts. *Id.* He stated that while in prison he passed out due to his low blood pressure, and since this incident has been put on medication to manage his condition. *Id.* It may be true that Mr. Morrow suffers from a blood pressure condition, but this Court cannot find that such a condition is the cause of Mr. Morrow's impairment on March 15 and March 20, 2018. To do so, the Court would have to find not only that Mr. Morrow suffered from a blood pressure condition, but also that it was not managed, and that he experienced an "episode," for lack of better term, on each of the days in question, and those episodes led to blackouts. This is a chain of inferences, and the testimony of arresting officers contradicts that of Mr. Morrow. [*See* R. 57; R. 73.] On March 15, 2018, Mr. Morrow

told Officer Abbot at the accident site that he was not suffering from any medical issues. Mr. Morrows similarly denied any medical issues to Officer Gates on March 20, 2018.

This Court agrees with the Judge Ingram's factual finding that Mr. Morrow violated the conditions of his supervised release on both March 15 and March 20, 2018. Therefore, Mr. Morrow's objections to the findings of guilt are **OVERRULED**.

**B**

Upward departures from the guidelines should be rare. When departing upward from the sentencing guidelines, the sentencing court must "consider carefully all of the facts and circumstances surrounding the case which affect the departure, and from them determine an appropriate sentence for the particular defendant." *United States v. Thomas*, 24 F.3d 829, 835 (6th Cir. 1994). District courts have discretion to depart from the guidelines as long as the defendant is given "a reasonable sentence." *Id*. at 836. Mr. Morrow's Guidelines Range in case number 8:08-cr-121-GFVT-3 is eight (8) to fourteen (14) months. [R. 77.] In recommending a period of incarceration of twenty-four (24) months, Judge Ingram outlined several reasons for the upward departure. *Id.* This court agrees with his reasons.

First, Judge Ingram notes that this is Mr. Morrow's fourth revocation of supervised release. [R. 77.] At sentencing on his third revocation, Mr. Morrow was granted a downward departure. *Id.* As Judge Ingram noted, the breach of trust is made more severe by light of the prior revocations and leniency last time around. Second, Mr. Morrow's conduct begets concern for public safety. Driving while intoxicated is extremely dangerous; indeed, Mr. Morrow's wreck on March 15 was a head-on collision with another vehicle. [R. 77.] Finally, supervised release is no longer an option for Mr. Morrow. No period of supervision can follow this

sentence, and therefore, incarceration is the only means available to protect the public from the danger Mr. Morrow poses.

### III

In conclusion, after reviewing *de novo* the portions of the record pertaining to this supervised release, the Court holds defendant's objections are **OVERRULED**. Accordingly, it is hereby **ORDERED** as follows:

1. The Defendant's Objections [R. 81] to the Magistrate's Recommended Disposition [R. 77] are **OVERRULED;**

2. The Magistrate Judge's Recommended Disposition [R. 77] is **ADOPTED** as explained by this order;

3. Ronnie L. Morrow is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the U.S. Probation officer and the Recommended Disposition of the Magistrate Judge;

4. Mr. Morrow's supervised release is **REVOKED**;

5. Mr. Morrow is **SENTENCED** to the Custody of the Bureau of Prisons for a term of twenty-four (24) months with no term of supervised release to follow; and

6. Judgement shall issue promptly.

This the 10th day of December, 2018.

Gregory F. Van Tatenhove
United States District Judge